✓ FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 1 9 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

UNITED STATES OF AMERICA *ex rel.* BLACK ARROW STRATEGIES LLC,

Plaintiff/Relator,

v.

WHISPER ROCK MANAGEMENT COMPANY, WHISPER ROCK GOLF CLUB LLC, GREGG TRYHUS, and CLESSON HILL,

Defendants.

Civil Action No CV-25-4330-PHX-DWL

JURY TRIAL DEMANDED

FILED UNDER SEAL PURSUANT TO 31 U.S.C. §3730

SEALED

**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT AND DEMAND FOR JURY TRIAL**

Black Arrow Strategies LLC, as relator on behalf of the United States of America, brings this action against the Whisper Rock Management Company under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §3729 *et seq*. and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a *qui tam* case, filed on behalf of the United States of America, seeking to recover approximately $2,304,798.30 from Whisper Rock Management Company, Whisper Rock Golf Club, Gregg Tryhus, and Clesson Hill. Whisper Rock Management Company wrongfully obtained a federally guaranteed Paycheck Protection Program ("PPP") loan for which it was categorically ineligible under the provisions of 13 C.F.R. §120.110(i). Whisper Rock Management Company, Tryhus, and Hill falsely certified that Whisper Rock Management Company was eligible to take a PPP loan, despite using the funds from that loan to operate its alter ego, the Whisper Rock Golf Club—a private club that restricts membership for reasons other than capacity. That loan was forgiven, with the federal government paying approximately $768,266.10 for the

loan, interest, and processing fees. Under the False Claims Act, the federal government is entitled to treble damages for this injury.

2. Congress created the PPP in 2020 as part of the Coronavirus Aid, Relief, and Economic Security Act ("the CARES Act") to provide economic relief to eligible small businesses during the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020) (codified as amended at 15 U.S.C. §636(a)(36)).

3. Businesses "which limit the number of memberships for reasons other than capacity" are not (and have never been) eligible to receive PPP funds, because they are generally ineligible for SBA business loans. *See* 13 C.F.R. §120.110(i); *see also* 85 Fed. Reg. 20811, 20812 (Apr. 15, 2020) ("Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110[.] … except that nonprofit organizations authorized under the Act are eligible.").

4. Whisper Rock Management Company was ineligible to draw a PPP loan because it used those funds to pay the operations of a private club that limits membership for reasons other than mere capacity. Despite that fact, Whisper Rock Management Company, Tryhus, and Hill falsely certified Whisper Rock Management Company's eligibility and obtained a $1,035,000 uncollateralized, fully guaranteed loan from the federal government that accrued only 1% interest and required no payments during a covered period that exceeded the life of the loan. Furthermore, part of Whisper Rock Management Company's PPP loan—$737,216.10—was later forgiven by the federal government, meaning that the U.S. taxpayers paid for the loan even though Whisper Rock Management Company was ineligible.

5. If Whisper Rock Management Company, Tryhus, and Hill had not lied about eligibility, first on the PPP loan application and later on the application for loan forgiveness, Whisper Rock Management Company would not have received the loan or the forgiveness.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. §1331 because this action seeks to redress violations of the False Claims Act, 31 U.S.C. §3729 *et seq.*, and therefore "arise[s] under the … laws … of the United States." This Court also has subject-matter jurisdiction under 28 U.S.C. §1345 because this action is brought in the name of the United States, and the real party in interest to the claims in this action is the United States.

7. This Court has personal jurisdiction over the Defendants because the Defendants are all residents of Arizona or registered business entities from Arizona. 31 U.S.C. §3732(a); *see also United States ex rel. Miller v. Reckitt Benckiser Grp.*, 698 F. Supp. 3d 889, 905 (W.D. Va. 2023) (explaining that because the False Claims Act "contains a broad jurisdictional provision that permits worldwide service," personal jurisdiction "hinges on … whether the defendants have minimum contacts with the United States as a whole") (cleaned up)).

8. Venue is proper in this District because at least "one defendant can be found," "resides," and "transacts business" within this District, 31 U.S.C. §3732(a). Alternatively, venue is proper because a "substantial part of the events … giving rise to the claim occurred" within this District at Whisper Rock's Scottsdale facilities. 28 U.S.C. §1391(b)(2).

## III. PARTIES

9. The "real party in interest" to the claims in this action is the United States of America. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 930 (2009).

10. Relator Black Arrow Strategies LLC is a company specializing in the investigation of misconduct and fraud relating to government contracts.

11. Defendant Whisper Rock Management Company is an Arizona for-profit corporation with its principal place of business in Scottsdale, Arizona (Arizona Business Entity

ID: 09728951). Whisper Rock Management Company is affiliated with Grayhawk Development, Inc., and it uses Grayhawk Development as its registered agent.

12. Defendant Whisper Rock Golf Club, LLC, is a private golf club located at 32000 N. Old Bridge Road, Scottsdale, AZ 85266 (Arizona Business Entity ID: L09361176). Whisper Rock Golf Club is a development project created under the umbrella of Grayhawk Development, Inc., and it uses Grayhawk Development as its registered agent.

13. Defendant Gregg Tryhus an Arizona resident and is the President and Owner of Grayhawk Development, Inc. At all times relevant to the allegations in this complaint, Tyrhus was the owner of Defendant Whisper Rock Golf Club, and was also the registered President, Director, Shareholder, and Chief Executive Officer of Defendant Whisper Rock Management Company.

14. Defendant Clesson Hill an Arizona resident and is the Vice President of Finance for Grayhawk Development, Inc. At all times relevant to the allegations in this complaint, Hill was also registered as the attention-of agent for Defendant Whisper Rock Golf Course, and was also the registered Vice President, Secretary, and Treasurer of Defendant Whisper Rock Management Company.

## IV. <u>DISCLOSURES</u>

15. As required by 31 U.S.C. §3730(b)(2), Relator submitted an Original Disclosure Statement to the Attorney General of the United States and to the United States Attorney for the District of Arizona, as well as all material evidence and information, prior to filing and serving this Original Complaint.

## V. <u>THE FALSE CLAIMS ACT</u>

16. The False Claims Act is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses

sustained as a result of fraud against the Government." S. Rep. No. 99-345, 1986 U.S.C.C.A.N. 5266, 5266 (July 28).

17. Any individual or entity may bring violations of the False Claims Act to the government's attention by filing suit as a relator on behalf of the United States. 31 U.S.C. §3730(b)(1). This includes companies that specialize in investigating and reporting fraud, which have been recognized by the Department of Justice as valuable partners in its fight against the misuse of public funds. *See, e.g.*, Press Release, U.S. Dep't of Justice, U.S. Att'y Off., D. Az., *Country Club to Pay Over $630,000 to Resolve False Claims Act Allegations Relating to Improper Receipt of Paycheck Protection Program Loan* (Nov. 13, 2024), perma.cc/UGX9-V2WF; Press Release, U.S. Dep't of Justice, U.S. Att'y Off., S.D. Cal., *Nonprofit Organizations Pay Over $5.8 Million to Resolve Allegations of Fraudulently Obtaining Pandemic-Related Loans* (June 12, 2024), perma.cc/L6V2-YCBR.

18. An entity or person violates the FCA when that entity or person "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. §3729(a)(1)(A).

19. Under the FCA, a claim includes "any request or demand ... for money" that is "presented to an officer, employee, or agent of the United States." *Id.* §3729(b)(2). A claim is "false or fraudulent" under the FCA if the entity or person submitting the claim was not entitled to payment and the "misrepresentation about compliance" was "material to the Government's payment decision." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 192 (2016).

20. In 2009, Congress amended the FCA to also make an entity or person liable if that entity or person "knowingly makes, uses, or causes to be made or used, a false record or statement

material to a false or fraudulent claim." Fraud Enforcement & Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617, 1621 (2009) (codified at 31 U.S.C. §3729(a)(1)(B)).

21. Under the FCA, the terms "knowing" and "knowingly" mean that the defendant either "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. §3729(b)(1)(A). When words indicating knowledge—like "know," "knowledge," "knowingly," or words of similar import—are used in this complaint, they mean "knowingly" as defined in the FCA.

22. No "proof of specific intent to defraud" the Government is required to show that a defendant acted knowingly under the FCA. *Id.* §3729(b)(1)(B).

23. The FCA defines the term "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Id.* §3729(b)(4).

24. The FCA imposes treble damages plus a civil penalty for each violation of the statute. *Id.* §3729(a)(1); 28 C.F.R. §85.5(a) & Table 1 (inflation-adjusted penalty amounts).

25. As of the date this complaint is filed, courts must assess a civil penalty of no less than $14,308 and no more than $28,619 per violation of the FCA that occurred after November 2, 2015. *See* 28 C.F.R. §85.5(a) & Table 1; *Civil Monetary Penalty Adjustments for Inflation for 2025*, 90 Fed. Reg. 29445, 29447 (July 3, 2025).

26. False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government, and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## VI. CERTAIN BUSINESSES WERE INELIGIBLE FOR PPP LOANS

27. The PPP was established by the CARES Act to provide forgivable loans to eligible small businesses affected by the COVID-19 pandemic. 15 U.S.C. §636(a)(36).

28. The SBA administered the PPP through federally insured banks and other lenders, with loans 100% guaranteed by the federal government. 15 U.S.C. §636(a)(2)(F).

29. From the program's inception, the SBA's regulations at 13 C.F.R. §120.110 specified categories of businesses ineligible for SBA business loans, including PPP loans.

30. Among these ineligible categories, 13 C.F.R. §120.110(i) expressly excluded "[p]rivate clubs and businesses which limit the number of memberships for reasons other than capacity."

31. The SBA's first PPP Interim Final Rule, published April 2, 2020, confirmed that businesses ineligible under 13 C.F.R. §120.110 remained ineligible for PPP loans unless the CARES Act specifically stated otherwise. 85 Fed. Reg. 20811, 20812 (Apr. 15, 2020) ("Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110."). The CARES Act did not suspend, or otherwise create an exception, for such businesses operating as private clubs and limiting membership for reasons other than capacity.

32. The Department of Justice has demonstrated its commitment to pursuing PPP fraud cases involving private clubs and businesses which limit membership for reasons other than capacity. The Department of Justice has resolved False Claims Act cases against the University Club of Milwaukee, an Arizona country club, and a network of entities operating a private, invitation-only members club based in New York City. *See* Press Release, U.S. Dep't of Justice, U.S. Att'y Off., E.D. Wis., *University Club of Milwaukee Agrees to Pay Over $1 Million to Resolve Claim that It Wrongfully Obtained Paycheck Protection Program Loan* (Dec. 13, 2024), perma.cc/96J6-TE2Q; Press Release, U.S. Dep't of Justice, U.S. Att'y Off., D. Ariz., *Country Club*

*to Pay Over $630,000 to Resolve False Claims Act Allegations Relating to Improper Receipt of Paycheck Protection Program Loan* (Nov. 13, 2024), perma.cc/RD6H-FT52; Press Release, U.S. Dep't of Justice, U.S. Att'y Off., S.D.N.Y., *U.S. Attorney Announces Settlement With Members-Only Social Club For Covid Relief Fraud* (Aug. 13, 2025), perma.cc/U5H9-UJVV.

## VII. FACTUAL ALLEGATIONS

### A. Whisper Rock Management Company and Whisper Rock Golf Club were categorically ineligible for a PPP loan.

33. Defendant Whisper Rock Management Company is a for-profit Arizona corporation that obtained a Paycheck Protection Program loan—Loan #1325187103—on April 10, 2020. When obtaining this loan, Whisper Rock Management Company identified itself under NAICS code 713910 and claimed that the funds would be used for payroll and other eligible expenses from the operation of "golf courses and country clubs." Upon information and belief, Whisper Rock Management Company used the funds from Loan #1325187103 to fund the operations of its alter ego, Defendant Whisper Rock Golf Club.

34. Both Whisper Rock Management Company and Whisper Rock Golf Club are affiliated with Grayhawk Development, Inc., which constructs and develops residential projects and golf clubs. In substance, Whisper Rock Management Company is the management and operating arm for the Whisper Rock Golf Club. Whisper Rock Management Company runs the club's day-to-day operations (including payroll and operating expenses) for the private, members-only facility located at 32000 N. Old Bridge Road, Scottsdale, AZ 85266. Functionally, then, the funds from Whisper Rock's PPP loan funded the operations of Whisper Rock Golf Club.

35. Whisper Rock Golf Club markets itself as a "private facility" designed "to provide the finest traditional golf experience possible" and an elite, members-only "golf experience and lifestyle." *See* Grayhawk Development, *Whisper Rock Golf Club*, perma.cc/6HP6-WYLB.



Grayhawk Development

Home About Projects The Team Contact

Whisper Rock Golf Club

Whisper Rock Golf Club is a 36-hole private facility in north Scottsdale. Membership in the Club is by sponsorship and invitation only and is limited to 580 individuals. Membership is not tied to property ownership in Whisper Rock Estates. The mission of the Club is to provide the finest traditional golf experience possible and a great 'hang'. The Lower Course opened in February 2001 and was designed by PGA Tour player Phil Mickelson and architect Gary Stephenson. It sits 'down in the desert' amongst lush natural washes and rolling desert topography, placing an emphasis on precise approach shots into intimate green complexes. The Upper Course opened in January 2005 and was designed by renowned golf course architect Tom Fazio. It sits on the north side of the property and is highlighted by the numerous rock outcroppings and dramatic mountain vistas. With a blend of national, seasonal and local memberships, members do not have to feel the need to 'bring their own game'. Whisper Rock is committed to providing a golf experience and lifestyle that has the chance to stand the test of time.

36. Whisper Rock Golf Club makes no attempt to hide the fact that it restricts membership for reasons other than capacity. As Whisper Rock and Grayhawk Development themselves confirm, membership at Whisper Rock Golf Club "is by sponsorship and invitation only." *Id.*

37. This sponsor-and-invitation membership restriction is well-known through the Arizona golf and real estate circles. One premier real estate provider notes that "[t]he highly coveted membership in the Whisper Rock Golf Club is granted exclusively by sponsorship and invitation only, regardless if someone owns property in Whisper Rock Estates." *See* The Lifestyle Collection, *Whisper Rock*, perma.cc/JGZ5-CGWV.



Did You Know?

The highly coveted membership in the Whisper Rock Golf Club is granted exclusively by sponsorship and invitation only, regardless if someone owns property in Whisper Rock Estates.

38. Premier golf publications have also reported widely on Whisper Rock's restrictive membership policies. "Whisper Rock Golf Club" is a "private members facility" where membership "is by invitation only and there are only around 300 members." *See* Top 100 Golf Courses, *Whisper Rock Golf Club*, perma.cc/2EC2-L5SF. In fact, less than one month after Whisper Rock took its PPP loan, Golf.com reported that one prominent athlete was denied membership at the "exclusive, invitation-only Whisper Rock Golf Club" until he reached a certain skill level. *See* Golf.com, *Larry Fitzgerald was turned down from this club until he was able to break 90*, perma.cc/5Q3J-MLAE. When this athlete asked to join Whisper Rock, "Gregg (Tryhus, Whisper Rock Owner) said once you break 90, you can join Whisper Rock." *Id.*

39. Defendant Gregg Tryhus is the founder, owner, and president of Grayhawk Development, Defendant Whisper Rock Management Company, and Defendant Whisper Rock Golf Club. In other court proceedings, Tryhus has doubled down on the private, exclusive nature of Whisper Rock Golf Club and its discretionary, invitation-only restrictions on membership. *See Gold v. Whisper Rock Golf, L.L.C.*, No. 1 CA-CV 22-0608, 2023 WL 4198157 (Ariz. Ct. App. June 27, 2023).

a. "Whisper Rock is a private golf club owned by Gregg Tryhus. Membership is by invitation only, and Tryhus makes all membership decisions for the club. When a membership becomes available, Tryhus interviews candidates and decides who will be invited to join." *Id.* ¶3.

b. A previous member who had resigned needed "to find four members to sponsor you back in," and that "[w]hen existing members are willing to ... inform us they don't want a certain prospective member let in, I [Tryhus] don't let that prospective member in." *Id.* ¶8.

40. This policy of invitation-only, sponsor-driven admissions that are subject to the total discretion of owner Gregg Tryhus means that Whisper Rock Golf Club is a private club that limits membership for reasons other than capacity. These non-capacity restrictions place Whisper Rock Golf Club—and therefore, its alter ego Whisper Rock Management Company—squarely within the prohibition on PPP loans to private clubs or businesses that restrict membership for non-capacity reasons. *See* 13 C.F.R. §120.110(i).

**B. Whisper Rock Management Company received a PPP loan, which was used to fund the operations of Whisper Rock Golf Club and which was partially forgiven on the taxpayers' dime.**

41. Despite knowing that it intended to use funds for the operations of a private golf club, Whisper Rock Management Company applied for and received PPP Loan #1325187103 in the amount of $1,035,000 on or about April 10, 2020. This loan was uncollateralized, fully guaranteed by the federal government, carried a favorable 1% interest rate, and did not require Whisper Rock Management Company to immediately initiate repayment.

42. The federal government also paid approximately $31,050 to the lender or loan processor, as a processing fee to cover processing Loan #1325187103 for Whisper Rock Management Company. *See* SBA Procedural Notice, perma.cc/T3VU-RGSB (discussing formula for determining amount of processing fees per loan).

43. To obtain the Loan #1325187103, Whisper Rock Management Company was required to certify its eligibility on the PPP Borrower Application Form, SBA Form 2483. This form required Whisper Rock Management Company to certify: "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act

(CARES Act) (the Paycheck Protection Program Rule)." *See* PPP Borrower Application Form. SBA Form 2483. at 2. perma.cc/N8QV-X93W.

44. Since Whisper Rock Management Company was the management and operations arm. and alter ego. for a private golf that restricted membership using criteria other than capacity. Whisper Rock Management Company was ineligible for this loan. and this certification of eligibility was false.

45. Defendant Gregg Tryhus—as the president of the Grayhawk Development conglomerate. the owner and director of Whisper Rock Golf Club. and the registered director. president. and chief executive officer of Whisper Rock Management Company—knew or should have known that Whisper Rock Management Company could not legally take a PPP loan to fund and operate his private golf club. Whisper Rock Golf Club.

46. Tryhus also knew or should have known that Whisper Rock Management Company certified and claimed that it was eligible for a PPP loan when submitted its loan application and knew or should have known that this certification was false.

47. Defendant Clesson Hill—as the vice president of finance of the Grayhawk Development conglomerate. the registered agent of Whisper Rock Golf Club. and the vice-president. secretary. and officer of Whisper Rock Management Company—knew or should have known that Whisper Rock Management Company could not legally take a PPP loan to fund and operate the private golf club. Whisper Rock Golf Club.

48. Hill also knew or should have known that Whisper Rock Management Company certified and claimed that it was eligible for a PPP loan when submitted its loan application and knew or should have known that this certification was false.

49. Some time after receiving the loan, Whisper Rock Management Company applied to have the loan forgiven—i.e., to have the federal government pay off the loan, rather than Whisper Rock Management Company paying off the loan. This application for loan forgiveness was also approved, although only partial forgiveness was approved. Approximately $737,216.10 of the loan was forgiven on or about July 22, 2021.

50. To obtain this partial forgiveness of the PPP loan, Whisper Rock Management Company was required to submit a PPP Loan Forgiveness Application Form, using either SBA Form 3508 or SBA Form 3508EZ. These forms required a certification that Whisper Rock Management Company had been an eligible borrower and used the borrowed funds for a proper purpose, and also a certification that Whisper Rock Management Company "understand[s] that if the funds were knowingly used for unauthorized purposes, the federal government may pursue recovery of loan amounts and/or civil or criminal fraud charges." *See* PPP Loan Forgiveness Application Form, SBA Form 3508, at 2, perma.cc/K9KJ-7STJ.

51. These forms also reiterated that: "The Borrower's eligibility for loan forgiveness will be evaluated in accordance with the PPP regulations and guidance issued by SBA through the date of this application." *Id.* at 3.

52. Whisper Rock Management Company's certification that it was an eligible borrower on its loan forgiveness application was false, according to applicable PPP regulations and SBA guidance regarding the ineligibility of private clubs and businesses that restrict membership for reasons other than capacity.

53. Tryhus knew or should have known that Whisper Rock Management Company, when submitting its application for loan forgiveness, certified and claimed that it was an eligible borrower, and knew or should have known that this certification was false.

54. Hill knew or should have known that Whisper Rock Management Company, when submitting its application for loan forgiveness, certified and claimed that it was an eligible borrower and knew or should have known that this certification was false.

55. By submitting the both the initial PPP loan application and the subsequent loan-forgiveness application, Whisper Rock Management Company, Tryhus, and Hill falsely certified that Whisper Rock Golf Club was eligible for PPP loans and PPP-loan forgiveness, despite clearly being categorically ineligible due to its operation as a private club that restricts membership for reasons other than capacity.

## COUNT ONE

### Presenting False Claims for Payment
### 31 U.S.C. §3729(a)(1)(A)

56. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

57. Defendants Whisper Rock Management Company, Tryhus, and Hill knowingly presented or caused to be presented false or fraudulent claims for payment or approval to the United States Government for a PPP loan and for forgiveness of its PPP loan, in violation of 31 U.S.C. §3729(a)(1)(A).

58. Specifically, on or about April 10, 2020, Whisper Rock Management Company, Tryhus, and Hill submitted or caused the submission of false or fraudulent claims when they applied for a PPP loan and falsely and fraudulently stated that Whisper Rock Management Company was an entity eligible to receive a PPP loan and the PPP loan funds would be used for eligible expenses. However, at the time of this statement, Whisper Rock Management Company, Tryhus, and Hill knew that the PPP loan funds would be used to operate Whisper Rock Golf Club,

a private club ineligible to receive PPP loans. *See* 15 U.S.C. §636(a)(36); 85 Fed. Reg. 20812; 13 C.F.R. §120.110(i).

59. The false and fraudulent PPP application was a "claim" under the FCA because it was a "request or demand … for money or property … that" was "presented to an officer, employee, or agent of the United States." 31 U.S.C. §3729(b)(2)(A). Whisper Rock Management Company's application for a PPP loan was a request for money submitted directly to financial institutions "acting on the SBA's behalf." *E.g.*, Complaint-In-Intervention, ¶63, *United States ex rel. Foster v. TCC Int'l LLC*, No. 23-civ-10084 (Aug. 11, 2025), perma.cc/VAS2-Y8X3. Alternatively, the PPP loan application was a claim because the financial institutions dispensing the loans were "contractor[s], grantee[s], or other recipient[s]" of money who would be "reimburse[d] … for any portion of the money or property which [wa]s requested or demanded." 31 U.S.C. §3729(b)(2)(A)(ii).

60. Subsequently, on or about July 22, 2021, Whisper Rock Management Company, Tryhus, and Hill also submitted or caused submission of a claim when they applied for forgiveness of Whisper Rock Management Company's PPP loan and therein falsely and fraudulently certified that they had complied with all requirements and rules of PPP eligibility—even though Whisper Rock Management Company, Tryhus, and Hill knew or should have known that they had used the PPP loan funds to operate Whisper Rock Golf Club, an ineligible private club, and therefore had not complied with PPP eligibility rules.

61. The application for loan forgiveness was likewise an additional claim under the FCA because Whisper Rock further "request[ed] or demand[ed]" money or property from the United States through the SBA, similar to the initial PPP loan application. *Id.* §3729(b)(2)(A).

62. At the time of the false statements, Whisper Rock Management Company, Tryhus, and Hill knew that these statements were false because Whisper Rock Management Company, Tryhus, and Hill either had "actual knowledge of" the private club's ineligibility, "act[ed] in deliberate ignorance of the truth or falsity of" the private club's ineligibility, or "act[ed] in reckless disregard of the truth or falsity of" the private club's ineligibility. *Id.* §3729(b)(1)(A).

63. The United States—unaware of the material falsity of the claims made or caused to be made by Whisper Rock Management Company, Tryhus, and Hill—approved, paid, and participated in payments made by the United States' agents (the financial institutions dispensing loans) for a loan that was not permitted under law and in loan forgiveness that was not permitted under law.

64. Because of these payments, approvals, and loan forgiveness, the United States has been actually damaged in an amount of approximately $768,266.10:

| | |
|---|---|
| Amount forgiven: | $737,216.10 |
| Processing fee: | $31,050.00 |
| **Total:** | **$768,266.10** |

65. Accordingly, the United States suffered actual damages and is entitled to recover treble damages, plus a civil monetary penalty for each presentment of a false claim.

## COUNT TWO

### Making or Using False Records or Statements
### 31 U.S.C. §3729(a)(1)(B)

66. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

67. Whisper Rock Management Company, Tryhus, and Hill knowingly made, used, or caused to be made or used false records or statements that were material to false or fraudulent claims paid or approved by the United States, in violation of 31 U.S.C. §3729(a)(1)(B).

68. Specifically, on or about April 10, 2020, Whisper Rock Management Company, Tryhus, and Hill made, used, or caused to be made or used false statements regarding Whisper Rock Management Company's eligibility to receive a PPP loan. These statements occurred in Whisper Rock Management Company's application for a PPP loan.

69. Subsequently, on or about July 22, 2021, Whisper Rock Management Company, Tryhus, and Hill made, used, or caused to be made or used false statements regarding Whisper Rock Management Company's compliance with the rules and requirements governing PPP loan eligibility and usage. These statements occurred in Whisper Rock Management Company's application for PPP loan forgiveness.

70. At the time of the false statements, Whisper Rock Management Company, Tryhus, and Hill knew that these statements were false because Whisper Rock Management Company, Tryhus, and Hill either had "actual knowledge of" the private club's ineligibility, "act[ed] in deliberate ignorance of the truth or falsity of" the private club's ineligibility, or "act[ed] in reckless disregard of the truth or falsity of" the private club's ineligibility. *Id.* §3729(b)(1)(A).

71. False statements by Whisper Rock Management Company, Tryhus, and Hill under this Count were material to the false and fraudulent claims for approval, payment, and forgiveness that Whisper Rock Management Company, Tryhus, and Hill made or caused to be made to the United States or its agents.

72. The United States—unaware of the material falsity of the claims made or caused to be made by Whisper Rock Management Company, Tryhus, and Hill—approved, paid, and participated in payments made by the United States' agents (the financial institutions dispensing loans) for a loan that was not permitted under law and in loan forgiveness that was not permitted under law.

73. But for Whisper Rock Management Company, Tryhus, and Hill having made these materially false statements, the United States and its agents would not have approved, paid, or forgiven Whisper Rock's PPP loan.

74. Because of these false and fraudulent statements that Whisper Rock Management Company, Tryhus, and Hill made, used, or caused to be made or used, the United States has been damaged in an amount of approximately $768,266.10:

| | |
|---|---|
| Amount forgiven: | $737,216.10 |
| Processing fee: | $31,050.00 |
| **Total:** | **$768,266.10** |

75. Accordingly, the United States suffered actual damages and is entitled to recover treble, damages plus a civil monetary penalty for each false statement.

**PRAYER FOR RELIEF**

76. WHEREFORE, Relator prays for judgment against Defendants for:

A. Three times the amount of damages that the United States has sustained. Relator calculates that the United States has sustained approximately $768,266.10 in actual damages. Relator thus anticipates, at this point in time, that the United States' treble damages is approximately: $2,304,798.30.

B. The maximum civil penalties allowed by law under 31 U.S.C. §3729(a);

C. An award to Relator for the maximum share of the proceeds of the action allowed under 31 U.S.C. §3730(d);

D. An award to Relator for attorneys' fees, costs, and expenses under 31 U.S.C. §3730(d);

E. Interest as provided by law; and

F. Any other relief that this Court deems appropriate.

## JURY DEMAND

Relator demands a trial by jury on all claims and issues so triable.

Dated: November 19, 2025

Respectfully submitted,

*/s/ David L. Rosenthal*

Thomas R. McCarthy* (D.C. Bar No. 489651)
David L. Rosenthal (A.Z. Bar No. 037749)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
Telephone: (703) 243-9423
tom@consovoymccarthy.com
david@consovoymccarthy.com

Joseph M. Kline*
BLACK ARROW LAW
2001 L Street N.W., Suite 500
Washington, DC 20036
Telephone: (424) 245-6119
joseph.kline@blackarrowlaw.com

**pro hac vice forthcoming*

*Attorneys for Relator*
*Black Arrow Strategies LLC*